# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| VALERI DAVIS,<br>o/b/o K.A.W., a Minor,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of<br>Social Security,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    CV617-050<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of the Social Security Administration's denial of an application for Supplemental Security Income (SSI) filed on behalf of K.A.W., a minor.  Tr. 162-71.

## I.    GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id.* (quotation omitted). . . .  "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner."  *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted).  "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it."  *Dyer v.*

*Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted). *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

A three-step sequential process is used to determine whether a child is disabled. *Parks ex rel. D.P. v. Comm'r of Soc. Sec.*, 783 F.3d 847, 850 (11th Cir. 2005); *see* 20 C.F.R. § 416.924. At the first step, the Commissioner must determine whether the claimant is engaging in substantial gainful activity; if so, the claim is denied. *Id.* § 416.924(b). At the second step, the Commissioner must determine whether the claimant has a severe impairment or combination of impairments; if the claimant does not have any severe impairments, the claim is denied. *Id.* § 416.924(c). At the third and final step, the Commissioner must determine whether the child's impairments meet or equal a "listed" impairment. *Id.* § 416.924(d). If the claimant does not have an impairment that meets, medically equals, or functionally equals the Listings, he will be found not disabled. *Id.* § 416.924(d)(2). The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

## II. ANALYSIS

K.A.W., who alleges disability since October 30, 2005, was 10

years old when the ALJ denied SSI benefits in a written decision. Tr. 22; 162-71 (protective filing for SSI benefits on October 4, 2013). The ALJ found that K.A.W.'s asthma with allergic rhinitis and Erb's Palsy with right-sided brachial plexopathy constituted severe impairments but did not meet or functionally equal a Listing. Tr. 22-31. Hence, the ALJ found, she is not disabled. Tr. 31. Plaintiff contends the ALJ erred by finding K.A.W.'s asthma did not meet or equal Listing 103.03B (asthma) and by failing to order a consultative examination. Doc. 11.

> Listing 103.03B requires

> B. Attacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year. Each inpatient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks[.]

20 C.F.R. pt. 404, subpt. P, app. 1, § 103.03(B). And "attacks" of asthma are defined as

> [P]rolonged symptomatic episodes lasting one or more days *and* requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting. Hospital admissions are defined as inpatient hospitalizations for longer than 24 hours.

*Id.*

During the hearing, plaintiff's counsel argued that K.A.W. met the Listing, and the ALJ kept the record open for counsel to submit further briefing so showing. Tr. 40-43. In that briefing, he listed thirteen "exacerbations" for consideration as qualifying "attacks" under the Listing. Tr. 276.[1] They, and a brief description of those records, are as follows:

- Sept. 27, 2015 - Dr. Geoffry Conner (tr. 526)
    - K.A.W. was seen for a routine immunotherapy (allergy) injection. No notes on her condition or any complaints were recorded.

- Sept. 23, 2014 - Vidalia Children's Center (tr. 519-20)
    - K.A.W. complained of wheezing, shortness of breath and chest tightness triggered by exercise, started on a steroid and bronchodilator, and recommended use of albuterol (a bronchodilator) before exercise to prevent the onset of symptoms.

- Oct. 4, 2013 - Vidalia Children's Clinic (tr. 436-38)
    - K.A.W. complained of cough, was given an aerosol inhalation treatment, and continued on her allergy regimen, with her asthma described as "stable, intermittent."

---

[1] The Court notes that most of counsel's citations do not match the incident they are describing, requiring the Court to exhaustively review the record to turn up the incidents that appear to match his descriptions. Tr. 276 (citing, for example, "Exhibit 2-F . . . on Page 11" for eight of the incidents, which actually spanned several hundred pages of the record). Even then, two do not match anything the Court could find in the record.

- April 26, 2013 - Meadows Regional Medical Center[2]

- April 26[3], 2013 - Vidalia Pediatric Clinic (tr. 427)

    - K.A.W. complained of asthma exacerbation and wheezing and was given a nebulizer treatment.

- Nov. 29, 2012 - Meadows Regional Medical Center (tr. 320-24)

    - K.A.W. admitted at 6:27 p.m. for "mild" complaints of ongoing wheezing, cough, and a reported history of asthma. She was given prednisone (a steroid), atrovent (a bronchodilator), and an albuterol (a bronchodilator) nebulizer treatment and discharged at 8:30 p.m.

- Nov. 14, 2012 - Meadows Regional Medical Center[4]

- Nov. 14, 2012 - Vidalia Pediatric Clinic (tr. 428)

    - K.A.W. complained of wheezing and was given Solumedrol (an anti-inflammatory glucocorticoid).

- May 10-11, 2011 - Meadows Regional Medical Center (tr. 327-31)

    - K.A.W. admitted at 11:13 p.m. with "moderate" complaints of cough and nasal discharge. She was given nebulizer treatments with atrovent and xopenex (both bronchodilators), diagnosed with an upper respiratory infection, and discharged at 1:18 a.m.

- Sept. 30, 2010[5] - Meadows Regional Medical Center (tr. 334-38)

    - K.A.W. admitted at 12:43 p.m. with complaints of "moderate"

---

[2]  It is unclear which treatment date, if any, counsel referred to with this listing.

[3]  Counsel actually listed April 25th, but a search of the records only indicated one visit for April 26th.

[4]  It is unclear which treatment date, if any, counsel referred to with this listing.

[5]  Counsel actually listed September 30, 2011, but no such visit can be found in the Administrative Record.

cough and fever, diagnosed with asthmatic bronchitis (bacterial) and provided antibiotics, and discharged at 3:35 p.m.

- March 1-2, 2010 - Meadows Regional Medical Center (tr. 345-58)

    o K.A.W. admitted to the emergency room at 5:13 p.m. and discharged two hours later after complaining of coughing and trouble breathing.  She was diagnosed with pneumonia and given a Solumedrol and rocephin (antibiotic) IV drip, and discharged after her condition improved.   She was transferred for observation and discharged at 10:31 a.m. the next morning.

- Oct. 30-Nov. 2, 2009 - Meadows Regional Medical Center (tr. 359-63)

    o K.A.W. admitted to the emergency room at 5:48 p.m. on the 30th complaining of asthma exacerbation and wheezing, was given a bronchodilator and transferred to pediatric observation.

- Jan. 12, 2009 - Meadows Regional Medical Center (tr. 364-69)

    o K.A.W. admitted at 7:54 p.m. complaining of "severe" nasal discharge and wheezing, administered a xopenex nebulizer and Solu-Medrol IV, and discharged at 10:17 p.m. after her symptoms resolved.

A requirement of Listing 103.03B is that any incident, in order to qualify as an "attack," must consists of "prolonged symptomatic episodes lasting one or more days," "requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting," "in spite of treatment."   20 C.F.R. pt. 404, subpt. P, app. 1, §§ 3.00(C), 103.03(B).  But the only listed incidents that either

lasted the requisite 24 hours or involved the administration of intravenous antibiotics occurred *before* plaintiff filed for SSI benefits on October 4, 2013. To qualify for SSI benefits, claimants must prove they are disabled between their application date and the date of the ALJ's decision -- not before. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Her treatments since have been short in duration (*i.e.*, same day) and have been limited to allergy injections and nebulizer treatments. *See Johnson v. Barnhart*, 148 F. App'x 838, 842 (11th Cir. 2005) (rejecting claims of Listing-level asthma because nebulizer treatment and asthma medication were not considered intensive treatment).

There is nothing in the record to support a finding that she meets or equals Listing 103.03(B), and the ALJ did not err by not further discussing his determination. *See Prince v. Comm'r of Soc. Sec. Admin.*, 551 F. App'x 967, 971 (11th Cir. 2014) (ALJ does not need to "make detailed findings or explicitly discuss whether [claimant's] impairments met or equaled [a specific Listing]."). And, given that the medical evidence failed to demonstrate Listing-level severity *and* "generally reflect that [K.A.W.'s asthma] causes, at worst, transitory symptoms but is well controlled with treatment" (tr. 24), there was no gap in the record

warranting further development. *Coven v. Comm'r of Soc. Sec.*, 384 F. App'x 949, 951 (11th Cir. 2010) (claimant must show "that the ALJ did not have all of the relevant evidence before him in the record . . . or that the ALJ did not consider all of the evidence in the record in reaching his decision.") (internal quotes and cite omitted); *see also* 20 C.F.R. § 416.920b(c)(3) (providing an ALJ "may" order a consultative examination where the evidence is insufficient to determine claimant is disabled). Here, there was no such gap. K.A.W.'s medical records demonstrated asthma and allergies controlled by medication (both bronchodilators and immunotherapy injections) and no incidents involving overnight stays and intensive treatment. And plaintiff points to nothing in the record to create any ambiguity beyond her own speculation that it might exist, had the ALJ hunted for it.[6]

### III. CONCLUSION

Because the ALJ's determination was supported by substantial evidence, the Commissioner's final decision should be **AFFIRMED**.

---

[6] Indeed, she improperly attempts to shift the burden of proof to the Commissioner to prove the negative by arguing that "[i]f the ALJ felt the evidence was not strong enough to support disability, he should have had [K.A.W.] evaluated." Doc. 11 at 7. But it is the claimant's burden to prove that she is disabled, *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999), *not* the ALJ's to exhaustively try to do it for her.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this  <u>6th</u>  day of February, 2018.

/s/ G. R. Smith<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA